IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NO. 1:18-CR-141-MLB-AJB |
| ANTOINE MORRISON (# 7) and ) | |
| SHANQUITA POTTS (# 12), ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES MAGISTRATE JUDGE'S
<u>NON-FINAL REPORT AND RECOMMENDATION</u>**

Antoine Morrison and Shanquita Potts, each represented by counsel, have filed nearly identical pro se motions seeking dismissal of the superseding indictment against them on the grounds that the indictment fails to state an offense that invokes the jurisdiction of this Court. [Doc. 477 (Potts); Doc. 486 (Morrison)]. For the following reason, the motions should be **DENIED**.

First, as each defendant is represented by counsel, they are prohibited from filing pro se motions. LCrR 83.1(D) ("Whenever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of

substitution from the court."). These preconditions have not been satisfied and thus the filings are a nullity.

Second, even if the Court chose to waive the requirements of the local rules, which it does not, the respective motions are without merit. They are based on incorrect theories that the Court does not have jurisdiction over the allegations in Counts Three (charging conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(l), and 841(b)(l)(B)(vii)), and Four (charging possession with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(B)(vii), and 18 U.S.C. § 2) of the superseding indictment. Their argument is essentially a claim that the federal government lacks jurisdiction to prosecute them for crimes committed in this District and elsewhere because none the counties that make up the Northern District of Georgia "are places purchased by the consent of the legislature of the state and thus are not subject to the criminal jurisdiction of the United States." [Doc. 477 at 5-6; Doc. 486 at 5]. That is, they argue that the United States may only prosecute criminal cases on lands owned by the United States and not within the territorial boundaries of the states, except where states have ceded jurisdiction to the federal government. They rely on an interpretation of federal jurisdiction identical in

2

all relevant respects to one that the Eleventh Circuit has repeatedly rejected as "utterly without merit," which is that the federal government has jurisdiction only over Washington D.C., federal land expressly ceded to the federal government by the states, and territories and possessions of the United States.  *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir.1987); *see also United States v. Baxley*, 228 Fed. Appx. 901, 905 (11th Cir. Apr. 24, 2007).

Although neither the *Ward* or *Baxley* decisions explain why these arguments are utterly without merit, it is clear that they are.  Under Article III, Section 2, Clause 1, of the United States Constitution, federal courts have jurisdiction in all cases "arising under" the constitution and laws of the United States.  Under 18 U.S.C. § 3231, federal district courts have original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States."  *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).  Further, Article I, Section 8 of the Constitution empowers Congress to create, define, and punish crimes, irrespective of where they are committed.  *See United States v. Worrall*, 2 U.S. 384, 393 (1798) (Chase, J.).  "As such, all that matter[s] for purposes of the district court's subject-matter jurisdiction [i]s that [t]he United States filed an indictment charging . . . [the Defendant] with violating 'laws of the United States.' "  *United States v. Brown*, 752 F.3d 1344, 1348

(11th Cir. 2014) (internal quotations and citations omitted); *see also United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) ("[D]istrict judges always have subject-matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law."); *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.").

As the superseding indictment charges Defendants with a violation of federal criminal law, that is the Controlled Substances Act ("CSA"), the Court has subject-matter jurisdiction. *See Gonzales v. Raich*, 545 U.S. 1, 9 (2005) (holding that the CSA is a proper exercise of Congress' authority to regulate interstate commerce); *United States v. Wilson*, 238 Fed. Appx. 571, 572-73 (11th Cir. July 30, 2007) (holding that by enacting the CSA, Congress did not exceed its authority under the Commerce Clause); *United States v. Lopez*, 459 F.2d 949, 953 (5th Cir. 1972) ("We hold that

Congress acted within the power granted to it under the Commerce Clause when it enacted . . . 21 U.S.C. § 841(a)(1) and § 846.").[1]

None of the authorities cited by Defendants supports a contrary result. *United States v. Hudson*, 11 U.S. 32, 32-34 (1812), stands for the unremarkable proposition that federal courts do not have jurisdiction to try criminal charges based on the common law, and all federal crimes must be based on a statute of Congress. Here we have statutory bases for the prosecution.

To the extent that Defendants make a frivolous claim that the Northern District of Georgia is not federal territory and thus federal criminal laws cannot be prosecuted here, the Supremacy Clause, the Civil War, the decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States. *See* U.S. Const. art. VI, cl. 2; 18 U.S.C. § 3231; *Abbate v. United States*, 359 U.S. 187, 192-94 (1959); *Moore v. Illinois*, 55 U.S. 13, 20 (1852); *Hudson*, 11 U.S. at 33-34.

Further, *United States v. Unseuta*, 281 U.S. 138 (1930), is of no help to Defendants. In that case, the Supreme Court held that the federal government has

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

jurisdiction to prosecute a murder committed on property that had been ceded to it by Nebraska, but in no way did the Court limit federal criminal jurisdiction exclusively to federal territory. Similarly, the holding in *United States v. Bevans*, 16 U.S. 336, 390 (1818), that federal courts had jurisdiction to try a marine who committed a murder on a U.S. warship, does not limit the ability of the United States to prosecute crimes that occur only on property solely owned by the United States.

Accordingly, the undersigned **RECOMMENDS** that Defendant Morrison's and Potts' motions to dismiss, [Docs. 477, 486], be **DENIED**.

**IT IS SO RECOMMENDED**, this the 11th day of March. 2019.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)