IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.	Case No. 1:18-cr-00141

Antoine Morrison (7) and	Michael L. Brown
Shanquita Potts (12),	United States District Judge

Defendants.
_____/

**OPINION & ORDER**

As recommended by Magistrate Judge Alan J. Baverman, the Court denies Defendant Antoine Morrison's and Defendant Shanquita Potts's motions to dismiss the charges against them for failure to state an offense that invokes the jurisdiction of the Court. (Dkt. 501 at 6.)

**I. Background**

The United States charged Defendant Morrison and Defendant Potts in Counts Three and Four of the superseding indictment with conspiracy to possess with the intent to distribute marijuana. (Dkt. 287 at 2–4.) While represented by lawyers in the matter, Defendants Morrison and Potts filed pro se motions to dismiss the charges for failure to state an offense that invokes the jurisdiction of the Court. (Dkts. 477

at 1; 486 at 1.) The Magistrate Judge issued an order recommending denial of their motions. (Dkt. 501 at 6.) Defendants filed separate objections. (Dkts. 510, 514.)[1]

## II. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For those findings and recommendations to which a party has

---

[1] The content of Defendants Potts's and Morrison's motions and objections are virtually identical, except for the moving party's name. (*See* Dkts. 477, 486, 510, 514.) The Court thus addresses them together.

not asserted objections, the court must conduct a plain error review of the record. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Parties filing objections to a magistrate's report and recommendation must specifically identify those findings to which they object. *See Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* Since Defendants filed objections, the Court conducted a de novo review of their motions to dismiss.

## III. Discussion

The Magistrate Judge recommends denial of Defendants Morrison's and Potts's motions for two reasons. First, he concluded they cannot file pro se motions because they are already represented by counsel. (Dkt. 501 at 1.) Second, he concluded that the Court has subject matter jurisdiction because the superseding indictment charges Defendants Morrison and Potts with violations of a federal law — the Controlled Substances Act ("CSA"). (*Id.* at 4.)

Defendants Morrison and Potts raised six objections. (Dkts. 510 at 7–12; 514 at 7–12.)

3

## A. First Objection

Defendants Morrison and Potts claim the Magistrate Judge erred in denying the motions to dismiss, because the indictment fails to state a charge. (Dkts. 510 at 7; 514 at 7.) They question whether the fifty counties in the Northern District of Georgia are subject to the jurisdiction of the United States. (Dkts. 510 at 7–8; 514 at 7–8.) They claim federal jurisdiction is lacking. They point to 21 U.S.C. § 802(28), which provides that "[t]he term 'United States', when used in a geographic sense, means all places and waters, continental or insular, subject to the jurisdiction of the United States." (Dkts. 510 at 2–3; 514 at 2–3.) They argue that this provision limits the territorial application of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(B)(vii) to possessions and conspiracies that have a criminal effect in federal lands where states have ceded jurisdiction. (Dkts. 510 at 7–8; 514 at 7–8.) They are wrong.

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. *See* U.S. CONST. art. III, § 1. Under Article III, § 2, cl. 1 of the Constitution, federal courts have jurisdiction in all cases "arising under" the Constitution and laws of the United States. And 18 U.S.C. § 3231 vests federal district

courts with original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *see also, e.g.*, *Marion v. United States*, No. 16-15971-G, 2017 WL 8233896, at *2 (11th Cir. Oct. 24, 2017). Article I, § 8, of the Constitution empowers Congress to create, define, and punish crimes, no matter where they are committed. *See United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990). This provides federal jurisdiction.

The Seventh Circuit has rejected claims like those Defendants Morrison and Potts raise.

> Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the "jurisdictional" inquiry.

*Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

Despite Defendants' claims, a federal district court's jurisdiction under 18 U.S.C. § 3231 is not limited to crimes occurring on federally owned property. *See, e.g.*, *McClurkin v. United States*, 922 F.2d 843, 1991 WL 1921, at *1 (7th Cir. 1991); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *Cantrell v. Reno*, 36 F. App'x 651, 652 (1st Cir. 2002); *see*

5

*also Prou v. United States*, 199 F.3d 37, 45 (1st Cir. 1999) ("[A] federal district court plainly possesses subject-matter jurisdiction over drug cases."); *United States v. Lussier*, 929 F.2d 25, 26 (1st Cir. 1991) (rejecting "territorial" jurisdiction argument). Defendants Morrison's and Potts's argument ignores the basic principle of federalism embodied in the Constitution of the United States. That Georgia has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute Defendants Morrison and Potts for federal crimes occurring within those same boundaries. *See, e.g.*, *United States v. Hamilton*, 263 F.3d 645, 655–56 (6th Cir. 2001).

The indictment charged Defendants Morrison and Potts with violating §§ 846, 841(a)(1), and 841(b)(1)(B)(vii). The indictment included allegations on every element of the offense. The Court thus possesses jurisdiction over Defendants Morrison's and Potts's case under 18 U.S.C. § 3231. And because the indictment claims they committed the crime within the Northern District of Georgia, venue is also proper. The Court overrules Defendants' first objection.

## B. Second Objection

Defendants Morrison and Potts next claim the Magistrate Judge improperly cited *United States v. Worrall* as a basis for denying their motions because that case involved a bribery scheme affecting a lighthouse on land a state had ceded to the United States. (Dkts. 510 at 8–9; 514 at 8–9.) *See United States v. Worrall*, 2 U.S. (2 Dall.) 384, 385 (1798) (Chase, J.). Defendants claim their actions did not occur on land ceded to the United States.

The portion of the *Worrall* decision Defendants cite arose from the attorney's argument — not the Court's opinion. The Magistrate Judge cited *Worrall* solely for the proposition that "Article I, Section 8 of the Constitution empowers Congress to create, define, and punish crimes, irrespective of where they are committed." (Dkt. 501 at 3 (citing *Worrall*, 2 U.S. at 393).) The Magistrate Judge cited ample authority to support his recommendation that Defendants Morrison's and Potts's motions should be denied. The Court overrules this objection.

## C. Third Objection

Defendants Morrison and Potts next argue that the Controlled Substances Act "does not authorize the Executive Branch to prosecute

and federal courts to adjudicate possession and conspiracy to possess marijuana in places outside the jurisdiction of the United States and within the jurisdiction of the several States." (Dkts. 510 at 9–10; 514 at 9–10.) This objection fails for the same reason their first objection failed.

They mischaracterize *United States v. Collins*, 263 F. 657 (5th Cir. 1920), in support of their argument. The quote Defendants include in their objections is not even in the *Collins* decision. And the Fifth Circuit reversed the defendant's conviction in that case, not because the trial court inherently lacked jurisdiction, but because the government failed to prove the defendant transported liquor across state lines, a necessary element of the offense. *Collins*, 263 F. at 657–58. As explained, the superseding indictment here includes all elements of the charged offenses. The Court overrules Defendants Morrison's and Potts's third objection.

### D. Fourth Objection

Defendants Morrison and Potts object to the Magistrate Judge's conclusion that the Eleventh Circuit rejected Defendants' interpretation of federal jurisdiction in *United States v. Ward*, 833 F.2d 1538, 1539 (11th

Cir. 1987), and *United States v. Baxley*, 228 F. App'x 901, 905 (11th Cir. 2017). (Dkts. 510 at 10–11; 514 at 10–11.)

Defendants are wrong. *Ward* and *Baxley* involved different facts and criminal statutes than this case. But in those cases, the Eleventh Circuit rejected the same federal jurisdiction argument that Defendants Potts and Morrison make in their objections and motions to dismiss. *See Ward*, 833 F.2d at 1539 (finding appellant's contention that "the United States has jurisdiction over only Washington, D.C., the federal enclaves within the states, and the territories and possessions of the United States" to be "utterly without merit"); *see also Baxley*, 228 F. App'x at 905 (same). The Court overrules Defendants' fourth objection.

**E.  Fifth Objection**

Defendants also claim *United States v. Unzueta*, 281 U.S. 138 (1930), and *United States v. Bevans*, 16 U.S. 336 (1818), prevent the court from concluding that "the cases cited [by Defendants] do not limit the Courts or the United States [sic] ability to prosecute crimes solely on property owned by the United States." (Dkts. 510 at 11–12; 514 at 11–12.) The Magistrate Judge adequately addressed these cases in his

9

report and recommendation ("R&R"). (Dkt. 501 at 5–6.) The Court overrules Defendants' fifth objection for the reasons set forth in the R&R.

## F. Sixth Objection

In their final objection, Defendants object to the Magistrate Judge's recommendation that their pro se motions be denied under local rules because they have counsel. They argue that a local rule should not "deprive a defendant of their constitutionally protected right to life, liberty, and property in the 5th Amendment and rights of Accused person in criminal cases protected by the 6th Amendment or allow a court to act without jurisdiction [sic]." (Dkts. 510 at 12; 514 at 12.)

The Court's Local Criminal Rule 57.1D(3), which governs pro se appearance limitations, provides

> whenever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court.

LCrR 57.1D(3), NDGa. Defendants Morrison and Potts have not articulated how the Court enforcing this rule would deprive them of any constitutionally protected rights. Local Criminal Rule 57.1D also does not prohibit Defendant Morrison or Defendant Potts from acting on their

10

own behalf in these criminal proceedings, provided they meet the requirements set forth in the rule — which they have failed to do.

The Magistrate Judge properly found that Defendants Morrison and Potts are prohibited from filing pro se motions unless they fulfill the requirements in Local Rule 57.1D(3). They did not comply with that rule and the Court overrules their sixth objection.

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (Dkt. 501), **OVERRULES** Defendants' objections, (Dkts. 510, 514), and **DENIES** Defendants' motions to dismiss, (Dkts. 477, 486).

**SO ORDERED** this 11th day of April, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE